UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MALIC SIMPSON,                              )
                                            )
            Plaintiff,                      )
                                            )
v.                                          )    No. CIV 24-512-R
                                            )
AMERICAN FIDELITY ASSURANCE CO.,)
                                            )
            Defendants.                     )

## ORDER

This action concerns claims of unlawful discrimination and retaliation in violation of the Americans with Disability Act, the Family Medical Leave Act, and state law. Pending before the Court is Plaintiff's Motion to Strike Affirmative Defenses [Doc. No. 26] seeking to strike the following affirmative defenses from Defendant's Amended Answer [Doc. No. 23]:

> 2. Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the Charge of Discrimination with the EEOC.
>
> 6. Plaintiff's damages may be barred in whole or in part by the doctrine of after acquired evidence.

Defendant responded in opposition [Doc. No. 28] and Plaintiff replied [Doc. No. 29].

Fed. R. Civ. P. 12(f) provides that a court may strike any "insufficient defense" from a pleading. The intent of Rule 12(f) "is to minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial." *Resol. Tr. Corp. v. Schonacher*, 844 F. Supp. 689, 691 (D. Kan. 1994). This Court has previously determined that the pleading standard announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*,

556 U.S. 662 (2009), applies to affirmative defenses and a defendant must therefore "allege a sufficient factual basis or bases for his or its affirmative defense to show that the defense is plausibly viable on its face or sufficient factual matter from which a court can infer potential viability." *Gibson v. OfficeMax, Inc.*, Case No. CIV-08-1289-R, at 2 (W.D. Okla. Jan. 30, 2009). However, in applying this standard, the Court recognizes that striking a portion of a pleading is "a drastic remedy" that is generally viewed with disfavor. *Knighten v. Allstate Ins. Co.,* No. CIV-17-683-D, 2018 WL 718533, at *2 (W.D. Okla. Feb. 5, 2018).

Here, the Court is not persuaded that striking the challenged defenses is warranted. This is not a situation where Defendant has asserted a laundry list of vague or irrelevant defenses that are needlessly cluttering the pleadings. Instead, Defendant has asserted a handful of defenses that are relevant to the employment discrimination claims that form the basis of this lawsuit. As to the challenged defenses specifically, the factual underpinnings of these defenses could certainly have been alleged in a more robust manner. Still, when considered in context with the factual allegations contained in the Complaint, the Court is satisfied that Plaintiff has fair notice of the factual basis of the defense and that the defenses are at least plausibly viable. As for Plaintiff's suggestion that Defendant violated Fed. R. Civ. P. 11, the Court finds no basis for this contention. Accordingly, Plaintiff's Motion to Strike Affirmative Defenses [Doc. No. 26] is DENIED.

IT IS ORDERED this 5th day of January, 2024.

*[signature: David L. Russell]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE