UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MALIC SIMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-24-512-R |
| ) | |
| AMERICAN FIDELITY ASSURANCE, ) | |
| CO., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Plaintiff's Motion to Compel [Doc. No. 48] which concerns the adequacy of Defendant's response to a document request seeking information related to available job positions, including the dates the positions filled. Defendant responded to the request by creating and producing an Excel table containing details about the available job positions. Plaintiff now seeks to compel production of the underlying data that was used to create the Excel table and documents showing the dates each position was filled.

Defendant's response [Doc. No. 56] states that, after the motion to compel was filed, it provided Plaintiff with a printout of the requested data, which also includes the most accurate data currently available regarding the dates the positions were filled. Defendant therefore contends that the motion is moot. Defendant also contends that it has no obligation to produce the information in native format because the data falls outside the scope of Plaintiff's initial request.

In her reply [Doc. No. 61], Plaintiff explains that the printout Defendant provided was produced minutes before the deposition of Defendant's corporate representative,

1

contained 401 pages of material, and is in the least usable format possible. Plaintiff also notes that Defendant's corporate representative testified at her deposition that it would be "pretty simple" to email the native version of the printout. Plaintiff therefore requests that Defendant produce the printout in its native Excel format, which she contends is consistent with the instructions included in her initial discovery requests. Plaintiff also explains in her reply that although the closing dates of the job positions were eventually provided, Defendant subsequently claimed some dates were inaccurate and supplemented its response with unauthenticated corrections to the closing dates. Plaintiff therefore requests accurate information as to the closing dates for each position.

  Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Additionally, Rule 34(E)(ii) provides that "[i]f a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." The advisory committee notes provide further guidance with respect to a responding parties' obligation to produce electronically stored information:

> The rule does not require a party to produce electronically stored information in the form it which it is ordinarily maintained, as long as it is produced in a reasonably usable form. But the option to produce in a reasonably usable form does not mean that a responding party is free to convert electronically stored information from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation. If the responding party ordinarily maintains the information it is producing in a way that makes

> it searchable by electronic means, the information should not be produced in a form that removes or significantly degrades this feature.

Fed.R.Civ.P. 34(b) advisory committee's notes (2006 amendments).

In resolving discovery disputes, "the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (internal quotation omitted). Here, the balance tips in favor of compelling Defendant to produce the printout in its native format and to verify the accuracy of the information. The parties do not dispute that the information sought by document request, i.e. information concerning vacant job positions for which the Plaintiff was qualified, is relevant to her employment discrimination claims. And although Defendant maintains that it produced the information sought in Plaintiff's motion to compel, it apparently did so by converting the information into a form that made it more burdensome for the requesting party to use and that significantly degraded its searchability. Given that Defendant has already produced a printout of the information and it would be "pretty simple" to produce it in native format, the Court does not find Defendant's argument about including data beyond the scope of the initial request persuasive. Additionally, to the extent the printout includes inaccurate information regarding the dates that certain jobs were filled, Defendant should verify the accuracy of the information.

Accordingly, Plaintiff's Motion to Compel [Doc. No. 48] is GRANTED as follows: within 14 days, Defendant is directed to produce to Plaintiff the printout in its native Excel format, verify the report is the same report that was used to generate AFA1764, and verify that the supplemental information concerning the dates each position closed is accurate.

IT IS SO ORDERED this 24th day of April, 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

4